IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CHESTER KEMP,

    Petitioner,

v.                                                     CASE NO. 5:08-cv-282-RS-AK

WALTER MCNEIL,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

This habeas matter is before the Court on Doc. 16, Respondent's motion to dismiss on the grounds that the petition for writ of habeas corpus is untimely. Petitioner has not filed a response, and the time for doing so has expired without further contact from him. The motion is therefore in a posture for decision. Having carefully considered the matter, the Court recommends that the motion be granted, and that the petition be dismissed as untimely filed.

## BACKGROUND

Petitioner pled *nolo contendere* to sexual battery and failing to register as a sex offender. He was sentenced to 15 years imprisonment on the sexual battery and 5 years imprisonment on the failing to register, to run concurrently. Petitioner appealed the judgment, which was affirmed on March 31, 2006. *See Kemp v. State*, 926 So.2d 1275 (Fla. Dist. Ct. App. 2006).

On or about April 23, 2006, Petitioner filed a motion to mitigate sentence pursuant to Fla. R. Crim. P. 3.800(c). Doc. 16, Ex. I. The court denied the motion on April 27, 2006. *Id*.

Petitioner next filed a Rule 3.850 motion for post-conviction relief on or about March 4, 2007. *Id*. at Ex. J. The court denied the motion on April 12, 2007. *Id*. at Ex. K. Petitioner did not appeal. Three months later, however, on or about July 11, 2007, Petitioner filed a motion for belated appeal in the trial court. *Id*. at Ex. L. On July 19, 2007, the court denied the motion based on a lack of jurisdiction. *Id*.; *see also* Fla. R. App. P. 9.141(c)(2) (motion for belated appeal must be filed in appellate court).

On September 6, 2007, Petitioner filed a second Rule 3.850 motion, which was summarily denied as procedurally barred as successive on October 1, 2007. Doc. 16, Ex. M & N. Petitioner appealed, and the court of appeal affirmed without written opinion. The mandate issued on May 28, 2008. *Kemp v. State*, 981 So.2d 1202 (Fla. Dist. Ct. App. 2008); Doc.16, Ex. P.

On May 30, 2008, Petitioner filed a notice of appeal in the Florida Supreme Court. Doc. 16, Ex. Q. On June 6, 2008, the supreme court dismissed the appeal for lack of jurisdiction. *Id*.

The instant petition was filed in the United States District Court for the Southern District of Florida on or about August 26, 2008. Doc. 3, Attach. 4. As noted, Respondent seeks to dismiss the petition as time-barred, and Petitioner has not responded to the motion.

**DISCUSSION**

Section 2254 petitions are subject to a one-year statute of limitations. 28 U.S.C. § 2244(d)(1). This limitations period runs from the latest of the following: the date on which the

state court judgment became final; the date on which an unconstitutional impediment which prevented the applicant from filing is removed; the date on which the right asserted was recognized by the United States Supreme Court and made retroactive on collateral review; or the date on which the factual predicate for the claim could have been discovered by due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D). Only subsection (A) is at issue in this case.

Petitioner's conviction became final 90 days after the date it was affirmed on appeal, i.e., June 29, 2006. *See Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002); *see also* Sup. Ct. R. 13.3 (time for seeking certiorari runs from date of entry of judgment, not date of mandate). Though a properly filed motion for post-conviction relief will toll the one-year filing period, *id*. at § 2244(d)(2), the first post-conviction motion Petitioner filed pursuant Rule 3.800(c) did not toll the statute of limitations, *see Alexander v. Secretary*, 523 F.3d 1291 (11th Cir. 2008) (while Rule 3.800(a) motion will toll statute of limitations, Rule 3.800(c) does not generally operate in that manner), and thus, the time ran unabated until March 4, 2007, when he filed the Rule 3.850 motion. During that time period, **248 days** elapsed, thereby leaving 117 days of the one-year statute of limitations remaining. The time remained tolled during the pendency of the 3.850 motion but resumed 30 days after the issuance of the order denying relief when the time for appeal expired. The statute of limitations therefore resumed on May 14, 2007, and indisputably ran until the filing of the motion for belated appeal. While there are circumstances under which a motion for belated appeal will stop the statute of limitations, *see Williams v. Crist*, 230 Fed. Appx. 861 (11th Cir. 2006); *Patrick v. McDonough*, 2007 WL 3231740 (N.D. Fla. Oct. 29, 2007), those circumstances are not present here, because Petitioner filed the motion in a court without

jurisdiction. Because the motion was dismissed for lack of jurisdiction, it was not "properly filed," and tolling did not occur with its filing. *See Pace v. DiGuglielmo*, 544 U.S. 408 (2005) (untimely motion not properly filed); *Estes v. Chapman*, 382 F.3d 1237 (11th Cir. 2004) (motion filed with court not having jurisdiction not properly filed).

The statute of limitations therefore indisputably ran for another **116 days** before Petitioner filed the second Rule 3.850 motion, the filing of which stopped the running of the statute of limitations with 1 day remaining of the limitations period. The time remained tolled until the issuance of the mandate on May 28, 2008.[1] The filing of the notice of appeal with the Florida Supreme Court did not stop the time, since that court was without jurisdiction to consider the appeal. The time therefore continued unabated until the habeas petition was filed in the Southern District. By that time, another **90 days** had expired, and therefore, this cause was filed 89 days out of time.

The time for filing a § 2254 petition may be equitably tolled, but only if a petitioner can show "extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999); *see also Akins v. United States*, 204 F.3d 1086, 1089 (11th Cir. 2000). While Petitioner has apparently attempted to meet this standard by claiming, *inter alia*, a "lack of learning" and insufficient assistance, these are not sufficient grounds for equitable tolling.

In light of the foregoing, it is respectfully **RECOMMENDED:**

---

[1] Petitioner does not get the 90-day period for seeking certiorari from the denial of post-conviction relief. *Lawrence v. Florida*, 127 S.Ct. 1079 (2007).

That the motion to dismiss, Doc. 16, be **GRANTED**;

That the petition for writ of habeas corpus, Doc. 3, Attach. 4, be **DENIED AS UNTIMELY**;

That this cause be **DISMISSED WITH PREJUDICE**.

**IN CHAMBERS** at Gainesville, Florida, this  *4th*  day of November, 2009.


                    *s/ A. KORNBLUM*
                    **ALLAN KORNBLUM**
                    **UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**